**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL GRIMES, | No. 18-56686 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-02267-ODW-AGR |
| v. | |
| J. BEARD, Secretary of Calif Dept of Corrections and Rehabilitation, in his individual capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted January 20, 2021**

Before:      McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Former California state prisoner Michael Grimes appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Grimes's deliberate indifference claim because Grimes failed to allege facts sufficient to show that defendants knew of and disregarded an excessive risk to Grimes's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official cannot be held liable for deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

The district court properly dismissed Grimes's due process claim because Grimes failed to allege facts sufficient to show that the disciplinary decision was not supported by some evidence. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports the disciplinary decision).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Grimes's motion to dismiss case without prejudice is denied as moot.

**AFFIRMED.**

18-56686